**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

BRYAN E. MENGE d/b/a/
BRYAN E. MENGE CONSTRUCTION

THE UNNAMED SUBCONTRACTORS WHO PROVIDED LABOR & OUTSIDE STAFF WHO PROVIDED SERVICES TO BRYAN E. MENGE CONSTRUCTION FOR THE CONSTRUCTION OF THE GOLDEN RIDGE PROJECT

Plaintiffs,

v.

NORTH AMERICAN SPECIALTY INSURANCE COMPANY, ET AL.

Defendants.

C.A. No. 12-460-M

**MEMORANDUM AND ORDER**

JOHN J. MCCONNELL, JR., United States District Judge.

Plaintiff Brian E. Menge has sued the United States Department of Housing and Urban Development ("HUD") and five unnamed HUD employees, North American Specialty Insurance Company ("NAS"), Robinson Design, Inc. ("Robinson"), and Golden Ridge Supportive Housing for the Elderly ("Golden Ridge"), alleging eleven causes of action including breach of contract, breach of the implied covenant of good faith and fair dealing, breach of implied in-fact contract, misrepresentation, indemnification, fraud, negligence, defamation, unjust enrichment, violation of civil rights, breach of fiduciary duty, intentional infliction of emotional distress, and loss of economic ability to produce earnings. (ECF No. 1-1.) Mr. Menge's claims arise out of

construction work he performed at Golden Ridge in 2011 for which the general contractor, Bowerman Associates Inc. ("Bowerman") refused to compensate him.

Before the Court are several motions in this case originally filed in Rhode Island Superior Court, and later removed to this Court. The Secretary of the HUD, on behalf of HUD and the unnamed HUD employees (the "Federal Defendants") has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under 12(b)(6) for failure to state a claim. (ECF No. 6.) Robinson filed a Motion to Dismiss (ECF No. 13) and NAS filed a Motion to Remand. (ECF No. 7.) Mr. Menge has opposed both motions to dismiss. (ECF Nos. 15, 16.) The Motion for Remand was stayed pending the outcome of the motions to dismiss. For the reasons stated below, the Court GRANTS the Federal Defendants' Motion to Dismiss and GRANTS NAS's Motion to Remand. In light of the disposition of the remand motion, the Court DENIES AS MOOT Robinson's Motion to Dismiss.

## I. FACTS

Mr. Menge was a subcontractor of the general contractor, Bowerman on the Golden Ridge nursing home project. (ECF No. 1-1 at ¶¶ 8-10.) The basic premise of Mr. Menge's complaint is that he was not paid for work performed on the Golden Ridge project and that failure to pay caused him "serious financial, personal, and business damages." (ECF No. 15-1 at 5.) The apparent reason that HUD and/or HUD employees are involved is because federal funds were being used to fund the Golden Ridge project. In his complaint, Mr. Menge's sole allegation against HUD employees is that he called HUD on August 22, 2011 for help. (ECF No. 1-1 ¶ 13.)

In his memorandum opposing HUD's motion to dismiss, however, Mr. Menge alleges that five unnamed HUD employees failed to protect his rights under state and federal law by failing, as employees of the government, in their "responsibility to ensure that the federal funds

that were designated to be paid to the plaintiff's [sic] reached the plaintiff's hands." (ECF No. 15-1 at 5.) According to Mr. Menge, he went to these unnamed HUD employees because Bowerman failed to pay him for his work and those HUD employees "were and are responsible to ensure that what has happened to plaintiff does not occur." *Id.*

## II. STANDARD OF REVIEW

When considering a motion to dismiss under subsection 12(b)(1) of the Federal Rules of Civil Procedure, the Court should apply a standard of review "similar to that accorded a dismissal for failure to state a claim" under subsection 12(b)(6). *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995); *Puerto Rico Tel. Co. v. Telecomm. Regulatory Bd. of Puerto Rico*, 189 F.3d 1, 14 n. 10 (1st Cir. 1999) ("[t]he standard of review ... is the same for failure to state a claim and for lack of jurisdiction"). The burden of proving jurisdiction in this case is on the Plaintiff who invokes such jurisdiction. *Murphy*, 45 F.3d at 522. In accordance with that standard and burden of proof, the Court must accept as true "the well-pleaded factual allegations of the complaint" and "draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." *Martin v. Applied Cellular Tech., Inc.*, 284 F.3d 1, 6 (1st Cir. 2002); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006) (holding that, under either standard, the plaintiffs' well-pleaded facts are accepted as true and all reasonable inferences are indulged in their favor). The Court may grant the motion to dismiss "[i]f the well-pleaded facts, evaluated in that generous manner, do not support a finding of federal subject-matter jurisdiction." *Fothergill v. United States*, 566 F.3d 248, 251 (1st Cir. 2009). "While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion." *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002).

## III. SOVEREIGN IMMUNITY

The Federal Defendants – HUD and the five unnamed employees – have raised the fundamental defense of sovereign immunity applicable to all sovereign powers as grounds for the Court to dismiss Mr. Menge's complaint for a lack of subject matter jurisdiction. Mr. Menge disputes that he has sued the United States at all, such that sovereign immunity is not implicated and argues that the Federal Defendants' motion should be summarily denied. The Federal Defendants argue that Mr. Menge sued HUD as evidenced in paragraph five of his Complaint[1] and as an agency of the federal government, HUD is immune from suit.

"It is beyond cavil that, as the sovereign, the United States is immune from suit without its consent." *Muirhead v. Mecham*, 427 F.3d 14, 17 (1st Cir. 2005). HUD is an agency of the federal government pursuant to 42 U.S.C. § 3531 *et seq.* and, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Fed. Hous. Admin. v. Burr*, 309 U.S. 242, 244 (1940)). This Court finds that HUD is immune from Mr. Menge's suit.

Moreover, federal officers are also protected by sovereign immunity when they are sued for their conduct while acting on the government's behalf. *Levitt v. F.B.I.*, 70 F.Supp.2d 346, 348 (S.D.N.Y. 1999) (citing 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3D § 3655 (1998)). The sole allegation against HUD employees is that he called HUD on August 22, 2011 for help. (ECF No. 1-1 ¶ 13.) This allegation is clearly based on their conduct while acting in their official capacities with the agency. He makes no allegations that these unnamed individuals acted in any way outside the

---

[1] Paragraph five of Mr. Menge's Complaint lists as a party "Defendant, the Department of Housing and Urban Development (hereinafter HUD) and 5 unnamed employees…." (ECF No. 1-1 at ¶ 5.)

scope of their employment. Therefore, the Court finds that the five unnamed HUD employees are also protected by sovereign immunity.

The Court next considers whether the Federal Defendants waived sovereign immunity in this case. "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citing *United States v. King*, 395 U.S. 1, 4 (1969)). Upon review of the record and pleadings in this case, the Court finds no evidence that the Federal Defendants expressly waived their sovereign immunity or consented in any way to be sued in this case. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Because the Court does not have jurisdiction over the Federal Defendants, Mr. Menge's complaint against them must be dismissed.[2]

## IV. REMAND

NAS has pointed out in its Motion to Remand (ECF No. 7) that, in the event the Court grants the Federal Defendants' motion, the loss of the government parties will destroy diversity jurisdiction because the remaining parties are all Rhode Island entities.[3] *See* 42 U.S.C. § 1332(a). The Court agrees that it now lacks subject matter jurisdiction and the case must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

---

[2] Although the Federal Defendants argue that this case should be dismissed against them on the merits, because this Court finds that it lacks subject matter jurisdiction, it does not reach the Federal Defendants' arguments under Fed. R. Civ. P. 12(b)(6) on the merits. The Court does note that if it did not find that the unnamed five HUD employees were entitled to immunity, it would surely deem the threadbare allegation of a single phone call to HUD as a failure in pleading under Fed. R. Civ. P. 8(a)(2) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009). *See also Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 557 (2007) (a complaint does not pass muster if it contains "naked assertion[s]" without "further factual enhancement.")

[3] The Court previously ordered this case remanded to Rhode Island Superior Court for lack of a federal question and lack of diversity jurisdiction. (ECF No. 7-1 at 4.)

## V. CONCLUSION

The Federal Defendants' Motion to Dismiss (ECF No. 6) is GRANTED and Mr. Menge's claims against the Federal Defendants are dismissed. Defendant Robinson's Motion to Dismiss (ECF No. 13) is DENIED AS MOOT. Defendant NAS' Motion to Remand (ECF No. 7-1) is GRANTED.

This matter is hereby remanded to Rhode Island Superior Court.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

October 5, 2012